# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRACH EDWARD NORRIS,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF WASHINGTON,<br><br>    Respondent. | No. 2:15-CV-00240-JTR<br><br>REPORT AND RECOMMENDATION TO TRANSFER ACTION TO NINTH CIRCUIT COURT OF APPEALS |

  Before the Court on Report and Recommendation is Petitioner Brach Edward Norris' 173-page submission, which was construed as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Petitioner paid the $5.00 filing fee and the "Petition" was filed under seal on September 18, 2015, to protect the privacy of minor(s).

  Petitioner's submissions are a mish mash of letters, documents from other cases, transcripts, and portions of a habeas corpus petition form. Based on the actual habeas petition form received on September 18, 2015, Petitioner is challenging his 2001 Spokane County jury conviction for First Degree Child Molestation. ECF No. 5-4 at 158.

  Petitioner previously challenged this conviction in cause number 2:05-CV-05045-FVS, *Norris v. Morgan,* which was denied on May 22, 2008, ECF No. 39. The Ninth Circuit Court of Appeals affirmed the decision of the District Court on September 23, 2010, 9CCA number 08-35645, and issued a Mandate on December 3, 2010. Petitioner makes no assertion that he has received permission from the

REPORT AND RECOMMENDATION TO TRANSFER ACTION TO NINTH CIRCUIT COURT OF APPEALS -- 1

Ninth Circuit Court of Appeals to file a second or successive petition challenging his Spokane County conviction.

This Court lacks authority to review second or successive habeas petitions filed without authorization from the Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Specifically, the habeas corpus statute provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Ninth Circuit Rule 22-3.

When a second or successive petition is mistakenly submitted to the district Court, that Court shall refer it to the Court of Appeals. Ninth Circuit Rule 22-3(a). Accordingly, **IT IS RECOMMENDED** that this case be **TRANSFERRED** to the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3(a).

Petitioner is advised that such a transfer does not of itself constitute compliance with § 2244(b)(3) and Ninth Circuit Rule 22-3; he must still file an application for leave to proceed in the Court of Appeals and make the showing required by § 2244(b)(2). Petitioner is directed to consult this statute and Ninth Circuit rule 22-3 for further information.

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within fourteen (14) days after receipt of the objection. Attention is directed to Fed. R. Civ. P. 6(e), which adds additional time after certain kinds of service.

REPORT AND RECOMMENDATION TO TRANSFER ACTION TO NINTH CIRCUIT COURT OF APPEALS -- 2

1  A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination.  The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon.  The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72; LMR 4, Local Rules for the Eastern District of Washington.

A Magistrate Judge's Recommendation cannot be appealed to a Court of Appeals; only the District Judge's order or judgment can be appealed.

**IT IS SO RECOMMENDED**.  The District Court Executive is directed to enter this Report and Recommendation, forward a copy to Petitioner and SET A CASE MANAGEMENT DEADLINE.

DATED October 7, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO TRANSFER ACTION TO NINTH CIRCUIT COURT OF APPEALS -- 3